A89A1030, A89A1062. STINCHCOMB v. THE STATE (two cases).

(383 SE2d 609)

BANKE, Presiding Judge.

The appellant, Ricky Stinchcomb, was convicted of trafficking in cocaine, possessing marijuana with intent to distribute, misdemeanor possession of marijuana, and obstructing an officer. He contends on appeal that the trial judge erred in refusing to recuse himself on the ground that the case had been improperly assigned to him in violation of Rule 3 of the Uniform Superior Court Rules and on the ground that his impartiality had been compromised by an ex parte discussion with the assistant district attorney handling the case.

The case was specially assigned to the trial judge under the mistaken belief that it was a companion or related case to one involving the appellant's brother, Milton Stinchcomb, who had previously entered a guilty plea to an indictment before the same judge and was serving a probated sentence as a result of that plea. After the appellant had been arraigned and had filed an unsuccessful motion for bond, his attorney sent a letter to the court administrator stating that the case had been specially assigned under the mistaken belief that Milton and Ricky Stinchcomb were the same person and requesting that the case be reassigned randomly, in accordance with the normal procedure. The court administrator complied, and the appellant subsequently made a second request for bond before the new judge to whom the case was transferred. At this time, the assistant district attorney who had previously been handling the case for the state approached the original trial judge and inquired about the propriety of the transfer. The original judge, who had not previously been aware of the transfer, responded by instructing the court administrator to reassign the case back to him; and again the court administrator complied.

During the hearing on the motion to recuse, the judge explained his actions as follows: "[W]hen this information came to me that it had been assigned to this court in error to start with, but nevertheless the assignment had taken place, we had had an arraignment, we had had a hearing on the bond, it had been set down for a trial calendar and then at that point it had been taken out from this court, basi-

cally, and reassigned to another court[,] at that point I said, no, that's not the way it works. . . . The only time we would send the case back is when we knew the defendant or had some interest in the case one way or the other, or some personal knowledge of the case, something like that. . . . I am saying that may very well have been done incorrectly and in violation of that rule, because as it turns out Ricky Stynchcomb (sic) and Milton Stynchcomb (sic) are not the same people, and the case should not have been specifically assigned to me. There is no question about that. As a practical matter, it was, and work was done as a result of that, and down the line there is no reason to change that. It would simply mean that Mr. Stynchcomb, or whoever was in his position, would end up sitting in jail for a long period of time because the case would have to be reassigned and rearraigned, and the district attorney would change, in frequent cases, and it would cause more problems at the jail with more people spending unnecessary time in the jail before they even had a hearing, any kind of hearing in front of the court. So as a practical matter, that's not the way it works. If the case is assigned, unless there is some reason to take the judge off the case, then it's going to stay there, even if it was assigned by mistake in the first place. And that's the situation here."

With respect to his ex parte communication with the assistant district attorney, the court stated: "There was absolutely no ex parte communication about any facts in this case. I do not know the facts in this case. I have never been privy to the facts in this case. The only discussion that [the assistant district attorney and I] had, is did this case get reassigned, how did it get assigned in the first place, how did it get reassigned, and then I instructed Mr. Jones, the court administrator, that it should not have been reassigned, that it was my case, we had already had a bond hearing on it, and it should remain with me." *Held*:

Rule 3.1 of the Uniform Superior Court Rules specifies, in pertinent part, as follows: "*Method of Assignment.* In multi-judge circuits, unless a majority of the judges in a circuit elect to adopt a different system, all actions, civil and criminal, shall be assigned by the clerk of each superior court according to a plan approved by such judges to the end that each judge is allocated an equal number of cases. The clerk shall have no power or discretion in determining the judge to whom any case is assigned; the clerk's duties are ministerial only in this respect and his responsibility is to carry out the method of assignment established by the judges. The assignment system is designed to prevent any person's choosing the judge to whom an action is to be assigned; all persons are directed to refrain from attempting to affect such assignment in any way."

Rule 3.2 provides for the special assignment of companion and

related cases, as follows: "When practical, all actions involving substantially the same parties or substantially the same subject matter, or substantially the same factual issues, whether pending simultaneously or not, shall be assigned to the same judge. Whenever such action is refiled, or a derivative or companion action is filed or refiled, or a defendant is reindicted on a previous charge, or is indicted on a subsequent charge while still under charges or serving a confinement or probated sentence on a previous action, or co-defendants are indicted separately, such actions shall be assigned to the judge to whom the original action was or is assigned."

We find nothing in these rules which would require that, where a case has been specially assigned to a judge under the mistaken belief that it is a companion or related case to one previously assigned to that judge, it must be reassigned upon the discovery of the error. As for the ex parte communication between the trial judge and the assistant district attorney, we shall accept at face value the judge's statement that the merits or facts of the case were not discussed and that the only matter which was discussed was the fact that the case had been assigned to another judge at the request of the appellant's attorney. Inasmuch as the appellant's counsel stated during the hearing on the recusal motion that he was not alleging that there was any actual bias or impropriety involved in the judge's actions, we hold that any technical violation of the rule against ex parte communications which may have occurred (see Uniform Superior Court Rule 4.1) does not, under the circumstances, constitute ground for reversal of the appellant's convictions.

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 20, 1989.

*John E. Webster*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Joseph J. Drolet, Linda S. Finley, Assistant District Attorneys*, for appellee.