A89A0971. KIPP v. RAWSON et al.

(388 SE2d 409)

BEASLEY, Judge.

Kipp appeals the probate court's granting of a petition for guardianship brought under OCGA § 29-5-6 and the denial of his motion to intervene in the guardianship proceedings. OCGA § 29-5-9 provides the means for any interested person to petition for the modification or termination of a guardianship, but appellant did not choose to wait to challenge the guardianship in this manner.

The following is undisputed. Rawson sued Kipp in the superior court as a result of injuries, including brain damage, he allegedly sustained in a motor vehicle collision. In March 1988, a psychological evaluation was done on Rawson. In October, counsel for the parties reached a settlement agreement. Rawson later gave notice that he would not follow through with it, and Kipp moved the superior court to enforce the agreement. A few days later Rawson applied for a marriage license and was married. The following day, Rawson responded to Kipp's motion, asserting that the settlement was not binding because of his mental incompetency and that he had filed a petition in probate court seeking appointment of Mrs. Rawson as guardian of his person and property. He and his wife had in fact done so the same day, in light of anticipated receipt of damages from Rawson's lawsuit against Kipp.

A hearing was scheduled in superior court on Kipp's motion to enforce the settlement. Rawson requested a continuance because of the pending guardianship petition in probate court. On November 21, Kipp moved the superior court to determine Rawson's competency as related to the settlement. The next day, the probate court ordered an evaluation of Rawson and on the 28th appointed a guardian ad litem. An evaluation of Rawson was made.

On December 8, Kipp filed in the probate court a motion to intervene in the guardianship proceedings, contending entitlement to intervention because of his interest in the lawsuit, the anticipated proceeds from which formed the basis for the guardianship petition, and because the issue of Rawson's competency was critical in the superior court proceeding. Kipp also prayed that all evidence on the issue of Rawson's competency be produced and evaluated by the psychiatrist appointed by the court to interview and evaluate Rawson, that he be permitted to participate in the competency hearing, present evidence and examine and cross-examine witnesses, and it be a trial by jury.

Rawson's initial counsel moved to intervene in the superior court proceeding in order to protect his fee interest. On December 14, Rawson moved for a continuance of the hearing on that counsel's motion to intervene. A hearing on the request for a continuance was held on

December 15, at which Rawson advised Kipp that the guardianship hearing in probate court was scheduled for December 19.

On that date, Kipp filed a "showing" in the probate court protesting that he had not received notice of the guardianship hearing and arguing that the guardianship petition should be denied because (1) the Rawsons were estopped from asserting Mr. Rawson's mental incompetence when they relied on his competence to obtain a marriage license the day before they filed the guardianship petition, (2) the evaluation by the court-appointed physician was incomplete because the Rawsons had not disclosed Mr. Rawson's prior psychological evaluations, (3) the previous evaluations had shown Mr. Rawson functioning within the normal range of intelligence, and (4) Mr. Rawson had obtained a driver's license.

On the same day, the probate court issued letters of guardianship to Mrs. Rawson and denied Kipp's motion to intervene. The probate court drew two conclusions: Kipp as a matter of fact was not a proper party to the guardianship proceedings because of certain acknowledgments in Kipp's motion to determine Rawson's competency in superior court; Kipp had no standing to intervene as a matter of law because the specific rules of practice and procedure made no provision for intervention in probate courts in actions where original, exclusive and general jurisdiction is conferred on probate courts pertaining to incompetent persons.

Appellant Kipp contends that the probate court erred in denying his motion to intervene in the guardianship proceedings, because he was materially affected by them, was so situated that disposition of the issue of guardianship might have impaired or impeded his ability to protect his interest, and his interest was not adequately represented by existing parties. Kipp further contends the court erred in granting the letters of guardianship after a bench trial on the issue of Rawson's competency in the face of his demand for a jury trial on that issue.

1. The first question is whether or not intervention via OCGA § 9-11-24 is permissible as a matter of law in a probate court guardianship proceeding.

Probate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction of all other matters and things as appertain or relate to estates of persons who are incompetent because of mental illness or mental retardation. OCGA § 15-9-30 (a) (10). A judge of the probate court may appoint guardians for mentally incapacitated adults. OCGA § 29-5-1 (a) (1) and (2).

The statute outlining the procedure for appointment of a guardian, OCGA § 29-5-6, does not specifically provide for intervention by a third party in a guardianship proceeding. Nor does it prohibit such

intervention. It permits the petition for guardianship to be brought by any "interested person or persons," and "any interested person" can move for appointment of a guardian ad litem for the proposed ward. OCGA § 29-5-6 (a) (1) and (b) (2) (D).

OCGA § 15-9-122 provides, "[u]nless provided to the contrary by Code Section 9-11-81, the general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts of this state shall be applicable to and govern in civil cases in the probate courts."

OCGA § 9-11-81 provides that the chapter should "apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of this chapter governing . . . intervention, . . . shall apply to all such proceedings."

The Uniform Probate Court Rules contain no prohibition against third party intervention in a guardianship case. UPCR 1.3 states that the rules "are not intended to apply in instances, if any, where they conflict with statutory time frames or any other statutory provisions, including (by way of example and not by way of limitation) statutory provisions concerning guardianship of incapacitated adults. . . ."

Even if a specific rule of practice and procedure in the probate court was in conflict with OCGA § 9-11-24, according to OCGA § 9-11-81 the Civil Practice Act governing intervention would still apply.

Thus, the probate court was mistaken in concluding that there was no provision for intervention by a third party in the guardianship proceeding as a matter of law. Consequently, the summary denial of Kipp's petition to intervene, on that basis, was error.

2. Whether or not appellant made a satisfactory showing below of intervention as a matter of right, OCGA § 9-11-24 (a), or of permissive intervention, OCGA § 9-11-24 (b), is not before this court as the probate court made no ruling in this regard.

In addition, we do not address the probate court's asserted factual determination of no standing to intervene because of certain statements on behalf of Kipp made in pleading in the superior court case, because such pleading is not in the record.

3. We do not reach appellant's contention that the probate court erred in granting the guardianship following a bench decision on the issue of competency in the face of his demand for a jury trial, because there has not yet been a determination that appellant may become a party to the probate court proceedings.

4. Appellee Mrs. Rawson as her husband's guardian moved to dismiss the appeal on the bases that appellant (a) has no standing to bring the appeal under OCGA §§ 5-6-34 and 29-5-6; (b) the questions presented have become moot under OCGA § 5-6-48; (c) the appeal is frivolous as is contemplated by Court of Appeals Rule 26 (b).

(a) The argument regarding lack of standing to appeal because he was not a "party" to the OCGA § 29-5-6 proceeding is premised on the contention that intervention was prohibited as a matter of law, which is erroneous. See Division 1, supra. Moreover, contrary to appellee's position, a denial of intervention is appealable. See, e.g., *State Farm &c. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447 (271 SE2d 844) (1980); *Allgood v. Ga. Marble Co.*, 239 Ga. 858 (239 SE2d 31) (1977).

Nor is the appeal dismissable because taken as a direct appeal under OCGA § 5-6-34. Appellant originally filed a notice of appeal solely from the denial of his motion to intervene. On January 23, 1989, the probate court, apparently sua sponte, issued an "order granting application for appeal" which recited that there had been no application for a certificate of review of the interlocutory ruling and asked that nonetheless the appellate court grant review of the case. Any defect in following proper interlocutory review procedure was rendered irrelevant by the filing of appellant's subsequent timely "amended" notice of appeal from the final grant of guardianship and the immediately preceding denial of intervention.

(b) The questions presented in this appeal did not become moot so as to warrant dismissal under OCGA § 5-6-48 (b) (3).

(c) Although in the motion to dismiss appellees contend that appellant or a non-party lacks standing to appeal, they request the imposition of a frivolous appeal penalty under Rule 26 (b). Because of our decision above, we need not address whether a penalty can be assessed against a stranger.

Appellee's motion to dismiss the appeal is denied, and the judgment is reversed for further proceedings in accordance herewith.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

Decided November 14, 1989.

*Karsman, Brooks & Callaway, R. Kran Riddle*, for appellant.
*Joseph B. Bergen, Frederick S. Bergen*, for appellees.

