A91A1890. WEBB v. SHEU.
(412 SE2d 289)

BIRDSONG, Presiding Judge.

A complaint was filed against appellant Kenneth D. Webb for legal malpractice. The jury returned a verdict for the plaintiff Rong Yi Sheu, giving damages in the amount of $20,000, and on March 14, 1991, the trial court rendered a judgment for that amount plus interest.

Appellant Webb filed a motion for new trial or for judgment notwithstanding the verdict, which included an allegation that an ex parte communication had taken place between the trial judge and a person who assisted the plaintiff's counsel.

The trial court denied appellant's motion for new trial or for

judgment notwithstanding the verdict, on grounds that the transcript of the trial was not before the court and that appellant had not asked for additional time to file the transcript. The trial court also issued a separate order holding that "categorically, these contentions [as to the ex parte communication] are not true, and the court does not consider such contentions in passing upon the motion for new trial or the motion for judgment notwithstanding the verdict."

On appeal to this court, appellant's sole enumeration of error addresses the adverse ruling as to this alleged ex parte communication. *Held*:

1. Appellant has not included a transcript which reflects the alleged ex parte communications. The transcript included on appeal is of a December 4, 1989, trial, which appellee states was not the jury trial sub judice but was a previous trial before another judge without a jury, in which no judgment was rendered. Appellant's notice of appeal requested that this old transcript be omitted, and it is not explained why this transcript was nevertheless filed on appeal.

Appellant's notice of appeal also directed that "transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." Since appellant has not caused to be filed a transcript of the relevant proceedings, we must presume the correctness of the finding of the trial court, which was that all of appellant's contentions are untrue. This finding means that no improper alleged ex parte communication took place as a matter of fact. In the absence of a transcript showing error, we will presume the trial court's findings of fact and ruling were correct (*Craigmiles v. Craigmiles*, 237 Ga. 498, 499 (228 SE2d 882)), and in particular we will accept at face value the judge's statement and ruling to the effect that no ex parte communication took place. *Stinchcomb v. State*, 192 Ga. App. 8, 10 (383 SE2d 609). If the ruling was in error, it is appellant's burden to prove it affirmatively by the record, and where the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. *Sycamore Pellet Systems v. Southeastern Steam*, 196 Ga. App. 717, 718 (397 SE2d 6). Particularly, we will not accept from a brief assertions as to a fact of the proceedings which are contrary to a finding of the trial court that the assertions are not true and which are not supported by the record. See *Harrell v. Louis Smith Mem. Hosp.*, 197 Ga. App. 189, 190 (397 SE2d 746).

2. Under the cases cited, particularly *Stinchcomb v. State*, supra, it does not appear that there was any valid reason for appellant to anticipate reversal of the superior court's judgment; consequently, we must conclude the appeal to this court was taken for the purpose of delay only. Particularly as appellant did not include in the record a transcript of any proceedings by which it could be determined that the trial court's ruling was in error, there was no reason whatever for

appellant to believe this court might accept the assertions of fact in appellant's brief. Plaintiff/appellee is awarded an additional ten percent damages pursuant to OCGA § 5-6-6. See *Williamscraft Dev. v. Vulcan Materials Co.*, 196 Ga. App. 703, 705 (397 SE2d 122).

*Judgment affirmed with direction that an additional ten percent damages be awarded to appellee. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 5, 1991.

Kenneth D. Webb, pro se.
Benjamin P. Erlitz, for appellee.