## A91A1936. LEVENSON v. OLIVER.
### (413 SE2d 501)

McMURRAY, Presiding Judge.

On December 17, 1990, Ingeborg Margit Rath and Department of Family & Children's Services ("DFACS") caseworker Susan Hill filed a petition, pro se, in the Probate Court of DeKalb County to restore Rath's capacity as an adult. The affidavit of Rath's personal guardian, Ralph Mitchell, was filed in support of the petition and a physician's affidavit was filed, wherein it was deposed that Rath is not mentally or physically incapacitated; that Rath is capable of managing her own affairs and that Rath's "first [psychiatric] hospitalization now appears to have been a gross stress reaction to a very painful divorce from her husband." The probate court appointed a physician or applied psychologist to evaluate Rath and ordered Rath to attend the evaluation.

On January 9, 1991, attorney Louis Levenson filed an entry of

appearance and a demand for a jury trial on Rath's behalf. On February 4, 1991, the court appointed physician and applied psychologist reported to the probate court that Rath is restored to capacity and that she is capable of managing her own affairs. On February 12, 1991, Rath's daughter, Antje Rath Kingma, filed a pro se objection to the restoration of capacity.

On April 11, 1991, the guardian of Rath's property, attorney Mary Margaret Oliver, challenged attorney Levenson's bill for attorney fees in the amount of $6,301.25. More specifically, attorney Oliver requested that "a Guardian ad Litem [be appointed] to determine the appropriateness of said fees, and thereafter determine whether an Order should issue relative to the approval of payment of said fees as set forth in the said affidavit of Louis Levenson for services rendered." Jeffrey N. Berman was appointed guardian ad litem and Mr. Berman objected to the amount of attorney fees charged by attorney Levenson.

On April 30, 1991, a "CONSENT ORDER AND JUDGMENT" was entered wherein attorney Levenson, attorney Oliver (guardian of the property of Ingeborg Margit Rath), Ingeborg Margit Rath, Antje Rath Kingma and "DFACS" caseworker Susan Hill, agreed that the guardianship of Rath's person be terminated and that the guardianship of Rath's property be extended and administered by attorney Oliver. A hearing was also conducted on April 30, 1991, on the challenge to attorney Levenson's bill for fees in the amount of $6,301.25. Attorney Oliver then stated, "I have performed in a different way in relation to this file, and having reviewed all those matters, I believe the . . . request for payment of attorney fees is high and I would ask the court to reduce it in whatever form the court deems appropriate." Attorney Oliver further stated that attorney Levenson's fees were excessive because the fees were more than half of the available cash assets of Rath's estate. She later testified that "a reasonable attorney fee would be about $3,000."

On May 7, 1991, the probate court entered an order and awarded attorney Levenson fees in the amount of $3,500.[1] Attorney Levenson filed an appeal from this order. *Held*:

1. Attorney Oliver contends attorney Levenson has no standing to assert an appeal from the award of attorney fees, arguing that attorney Levenson is not a party in the case sub judice. This contention is without merit. OCGA § 29-2-22 (b) authorizes appeals from judg-

---

[1] Attorney Mary Margaret Oliver filed a "PETITION FOR EXTRA COMPENSATION" in the amount of $2,686.50. See OCGA § 29-2-42. Guardian ad Litem William G. Witcher, Jr., did not object to attorney Oliver's request for compensation. On May 27, 1991, the probate court awarded attorney Oliver additional attorney fees in the amount requested. No appeal was taken from this order.

ments awarding attorney fees in actions stemming from guardianship proceedings.

2. Attorney Levenson contends the trial court erred in failing to award attorney fees in the amount of $6,301.25. This contention is without merit.

We find no authority which authorizes an incapacitated adult to hire an attorney without permission from the court or the legal guardian. "The purpose of appointing a guardian for an incompetent is to protect the incompetent from personally wasting his estate or allowing others to do so. It would be illogical to appoint a guardian to oversee the estate of an incompetent, and then allow the incompetent to hire attorneys and have the attorneys act without express permission from the guardian or the court. Thus, where a guardian is appointed, no one except the guardian can act for or on behalf of the incompetent without express authority or appointment." *Matter of Estate of Kutchins*, 169 Ill. App. 3d 637 (523 NE2d 1025, 1028). See OCGA § 29-2-22 (a).

In the case sub judice, there is no question that Rath was an incapacitated adult at the time attorney Levenson entered an appearance on her behalf. Further, there is nothing in the record showing that attorney Levenson acted on Rath's behalf with *express* authority of the guardian or the probate court. However, attorney Levenson's claim for attorney fees appears to stem from a contract for services he entered into with Rath.

The appointment of a guardian of an incapacitated adult removes the ward's power to enter into a contract for legal services. OCGA § 29-5-7 (d) (2) and (e) (2). In the case sub judice, there is no dispute that guardians exercised control over Rath's person and property at the time Rath enlisted the services of attorney Levenson and that neither guardian entered into a contract for legal services on behalf of Rath. It is therefore apparent that Rath had no capacity to enter into a contract for legal services with attorney Levenson and that any contract Rath entered into with Levenson for legal services is unenforceable by attorney Levenson. Consequently, there is no basis to support attorney Levenson's claim that a contract for legal services existed which entitled him to attorney fees in the amount of $6,301.25.

3. Neither attorney Oliver, nor guardian ad litem Berman challenge the judgment awarding fees to attorney Levenson for services he allegedly provided to Rath. Further, the guardian and the guardian ad litem seem to have acquiesced in attorney Levenson's representation of Rath as they never challenged attorney Levenson's authority to represent Rath.[2] Attorney Oliver and guardian ad litem Berman

---

[2] See *Matter of Estate of Thompson*, 186 Ill. App. 3d 874 (542 NE2d 949, 953), where

challenged only the value of attorney Levenson's unauthorized services. We therefore do not reach issues relating to the probate court's authority to award attorney fees beyond those prescribed in OCGA § 29-5-13 (e). However, we have examined the hearing transcript and find sufficient evidence to support a finding that attorney Levenson provided beneficial legal services to Rath and that these services were worth at least $3,500. See *Dowdy v. Jordan*, 128 Ga. App. 200, 211 (3) (196 SE2d 160).

4. It is unnecessary to address issues raised in attorney Levenson's remaining enumerations of error.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 21, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 — 

*Louis Levenson & Associates, Louis Levenson*, pro se.
*Vivan D. Egan, Palmer & Berman, Jeffrey N. Berman*, for appellee.
*Mary Margaret Oliver*, pro se.
*Antje Rath Kingma*, pro se.

the unauthorized services of an attorney in a guardianship proceeding were affirmed because the attorney's services appeared necessary to protect the parties and because the trial court's acquiescence gave the attorney the authority to act and to bind the ward's estate for attorney fees.