A95A0451. IN RE MARTIN.
(460 SE2d 304)

POPE, Presiding Judge.

This is an appeal from the Cobb County probate court's order appointing C. Fred Reeves as guardian of the property of Elizabeth Martin and appointing the Department of Family & Children Services ("DFACS") as guardian of her person.

Elizabeth Martin is an elderly incapacitated adult who suffers from various ailments, including advanced dementia which has resulted in permanent cognitive impairment. In 1980, Martin hired Rena Mae Calhoun as a paid sitter for her. In 1985, Martin gave Calhoun power of attorney. Calhoun used the power of attorney to handle Martin's affairs.

In 1993, DFACS began investigating allegations that Calhoun was exploiting Martin. During that investigation, Calhoun filed a petition seeking guardianship of Martin. DFACS filed an objection to Calhoun's petition, claiming that she was using Martin's property for her own personal gain. The document which DFACS filed also petitioned the court for the appointment of itself as guardian of Martin's person, and for the appointment of Reeves as guardian of the property.

In April 1994, the court convened and decided to continue the hearing pending the district attorney's investigation. Pending the completion of that investigation, the parties agreed that a guardian ad litem be appointed for Martin and that Calhoun continue to pay Martin's bills from the available funds. Pursuant to the parties' agreement, attorney Drexinger was appointed guardian ad litem for Martin.

On May 24, 1994, after reviewing the accounts being handled by Calhoun, Drexinger filed "A Petition for Direction" in which he attached evidence showing that Calhoun was spending Martin's money to pay personal bills. On June 24, 1994, Drexinger filed a report with the court in which he concluded that Calhoun was spending money

from Martin's account to cover many of her personal household expenses, including car and truck payments, credit card payments, and household utilities payments.

On July 7, 1994, the hearing regarding Martin's guardianship was held, after which the court concluded that Calhoun was more interested in her own personal gain than in Martin's interests. The court found that Martin's funds had been depleted at a rapid rate and that Calhoun's explanation for the depletion was that, pursuant to an oral agreement with Martin, she had complete discretion with the funds. Accordingly, the court appointed Reeves and DFACS as Martin's guardians.

At the outset, we must address DFACS' argument that a letter from Calhoun's attorney waived her right to appeal. That letter, dated July 20, 1994, which was sent by telecopier, stated "[a]lthough very disappointed in the decision, my client advises that there will be no appeal." Calhoun then filed a notice of appeal on August 8, 1994. Contrary to DFACS' contentions, this informal communication did not eliminate Calhoun's right of appeal.

1. First, Calhoun claims that the probate court erred in having ex parte communications with the parties. Calhoun's argument is based on a letter from two DFACS workers to the probate judge, which was sent after Calhoun's petition was filed. In the letter, the DFACS workers advised the court that they were in the process of investigating Calhoun's alleged exploitation of Martin.

There was no objection raised below to this alleged error and nothing is presented for our review. See generally *Bell v. Forster*, 211 Ga. App. 76, 77 (1) (438 SE2d 145) (1993). Even assuming that the alleged error is properly before us, there is no argument that the court responded in any manner to the letter. Furthermore, there is no indication in the record that the trial court gave any consideration to the letter, and we find no harmful error. See generally *Ivey v. Ivey*, 264 Ga. 435 (3) (445 SE2d 258) (1994); *Stinchcomb v. State*, 192 Ga. App. 8, 10 (383 SE2d 609) (1989); compare *Arnau v. Arnau*, 207 Ga. App. 696 (1) (429 SE2d 116) (1993).

2. Calhoun argues in her second and fourth enumerations that the court erred by allowing the Department of Human Resources ("DHR") to participate in the case without requiring it to comply with the Georgia Civil Practice Act. Specifically, Calhoun contends that DHR should have been required to file a motion to intervene and that any acts which the court took after its first opportunity to require compliance with the CPA were void.

Again, Calhoun did not raise these arguments properly below, and has waived any alleged error. See generally *Bell,* supra.

DHR properly filed an objection to Calhoun's petition and then it petitioned for the appointment of guardians. OCGA § 29-5-6 outlines

the procedure for appointment of a guardian, stating in subsection (a) (1) that: "[a]ny interested person or persons, including the alleged incapacitated person, and including the Department of Human Resources in the case of an allegedly incompetent person who is receiving services from the department or whom the department believes to be eligible for such services, may file a petition under oath for the appointment of a guardian."

In *Kipp v. Rawson*, 193 Ga. App. 532 (1) (388 SE2d 409) (1989), this court recognized that: "[t]he statute outlining the procedure for appointment of a guardian, OCGA § 29-5-6, does not specifically provide for intervention by a third party in a guardianship proceeding. Nor does it prohibit such intervention. It permits the petition for guardianship to be brought by any 'interested person or persons,' and 'any interested person' can move for appointment of a guardian ad litem for the proposed ward. OCGA § 29-5-6 (a) (1) and (b) (2) (D)." Id., at 533-534. In *Kipp*, the court concluded that OCGA § 9-11-24, which controls intervention of parties, applies to intervention by a third party in a guardianship proceeding. In so finding, this court held that the probate court erred in summarily denying a third party's petition to intervene.

Here, Calhoun argues that it was error for the probate court to fail to *require* the DHR to file a motion to intervene. Given that OCGA § 29-5-6 is silent as to the mechanism for intervention, we cannot conclude that a motion under OCGA § 9-11-24 was mandatory. Accordingly, there was no error in the method by which DHR asserted its position. Because of our conclusion, Calhoun's arguments that all of the court's actions subsequent to the appearance of DHR were void must also fail.

3. Calhoun claims the probate court erred in appointing an attorney to represent Martin. Calhoun argues that Martin was denied due process in the selection of counsel since an attorney was obtained on only two days notice. Calhoun also argues that she should have had the opportunity to select Martin's counsel and that Martin's representation was inadequate.

First, these arguments were not raised in the court below and are not properly before the court. Moreover, OCGA § 29-5-6 (b) (2) (B) states that if the court determines that there is sufficient evidence that a proposed ward is incapacitated, the court "will appoint counsel within two days unless the proposed ward indicates that he has retained counsel by that time." There is no indication from this provision that an alleged embezzler should have any control over the selection of counsel and Calhoun's arguments in this regard are specious. See generally *Levenson v. Oliver*, 202 Ga. App. 157 (2) (413 SE2d 501) (1991).

4. Calhoun argues that the probate court erred in failing to follow

OCGA § 29-5-2. She claims that under this statute, she, not DFACS, should have been appointed guardian. Calhoun also argues that no good cause for the failure to appoint her as guardian was shown. In another enumeration, Calhoun argues that the court abused its discretion by failing to follow Martin's preference as to which guardian she wanted.

These arguments ignore the facts of this case and are without merit.

5. After the hearing, a "Request for Extra Compensation" for Drexinger's services rendered was sent to Reeves, as guardian of Martin's property. No objections were filed to the request and Drexinger was awarded $1,210 for his services. Here, Calhoun argues that OCGA § 29-5-13 (f) allows a fee of only $10 per diem for a guardian ad litem for an incapacitated adult and that the court erred in ordering payment of more than this amount. Assuming that this error was properly preserved, it is without merit. Moreover, Calhoun has no standing to raise this argument, since the amount was paid from Martin's property, in which Calhoun has no interest.

6. Finally, Calhoun argues that the court was without authority to designate attorneys Drexinger and Reeves as "appellees" or to set supersedeas bond on their motion.

Calhoun has no standing to raise the arguments regarding the designation of Drexinger and Reeves as "appellees." Furthermore, they are proper parties to respond to this appeal and this argument is without merit.

Calhoun's argument that the court had no authority to set bond is also without merit. After a hearing on the matter, the court set the bond in the amount of Martin's funds to which Calhoun had access. The court ordered that Calhoun "shall post Supersedeas Bond with this court in the amount of $797,816.77 as a condition to the receipt of any funds belonging to Elizabeth Calhoun Martin. Said bond shall be with such surety as is approved by this Court."

First, given our disposition of the case, the issue is moot and need not be ruled upon. *Freeman v. Bentley*, 205 Ga. App. 409 (2) (422 SE2d 435) (1992). Moreover, we find no abuse of the court's discretion in its handling of this matter. See generally OCGA §§ 5-6-46; 15-9-123 (b); *Cloud v. Ga. Central Credit Union*, 214 Ga. App. 594, 597-598 (5), (7) (448 SE2d 913) (1994).

Appellees' motion for a penalty for a frivolous appeal is granted and a penalty of $500 is hereby imposed. See Court of Appeals Rule 15 (b). The imposition of such penalty shall constitute a money judgment in favor of appellees against appellant. Upon filing of the remittitur in the court below, the penalty may be collected as are other money judgments.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JULY 10, 1995 —
RECONSIDERATION DENIED JULY 25, 1995 —

*Wallace C. Clayton*, for appellant.
*Edwards, Friedwald & Grayson, Robert J. Grayson, C. Fred Reeves, Janyce E. Owings, Gaeton L. Drexinger*, for appellee.