## A96A2448. WHITE v. HEARD et al.
### (484 SE2d 12)

JOHNSON, Judge.

William Heard, Jr. and Elizabeth Heard Flournoy petitioned for the appointment of a guardian for their mother, Elizabeth Bosch, alleging she was mentally incapable of managing her business and personal affairs. Flournoy's son, Kenneth White, moved to intervene in the guardianship proceeding, claiming Bosch was competent and did not need a guardian. Along with the motion to intervene, White filed motions to dismiss, for an additional medical examination, for a continuance, and for Bosch to appear at the final hearing. The trial court found that White was not entitled to intervene and therefore denied all of his motions. White requested a certificate of immediate review from the trial court, but his application was denied. After a final hearing in which White was permitted to present evidence and cross-examine witnesses, the probate court found Bosch incapaci-

tated and appointed William Heard as her guardian. White appeals.

1. White contends the trial court erred in denying his motion to intervene when he met the requirements both for intervention as a matter of right and for permissive intervention. We disagree.

(a) *Intervention of right.* An applicant shall be permitted to intervene as a matter of right when: (1) a statute confers an unconditional right to intervene; or (2) he claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may impair or impede his ability to protect that interest, unless his interest is adequately represented by existing parties. OCGA § 9-11-24 (a).

(1) White points to no statute which gives him an unconditional right to intervene in the guardianship proceeding. Instead, he states equivocally that "it could be argued that" *Kipp v. Rawson*, 193 Ga. App. 532 (388 SE2d 409) (1989) and *In re Martin*, 218 Ga. App. 79 (460 SE2d 304) (1995), in which the Court construed OCGA §§ 9-11-24 and 29-5-6 together to determine whether third party intervention in guardianship proceedings is authorized or required, create an unconditional right to intervene. Neither case gives such an unconditional right to intervene. In *Kipp,* supra, this Court held that intervention is permitted in a probate court guardianship proceeding and, therefore, *the trial court was mistaken in concluding that there was no provision for third party intervention* in the guardianship proceeding as a matter of law. Id. at 534 (1). While the court in *Kipp* recognized that intervention is permissible under OCGA §§ 9-11-24 and 29-5-6, it also made it clear that a movant must make a satisfactory showing he is entitled to intervene. Id. at 534 (2). Accordingly, the right to intervene is not absolute.

White's reliance on *In re Martin*, supra, is also misplaced. The issue in that case was whether the Department of Human Resources ("DHR") was required to file a motion to intervene in a guardianship proceeding rather than filing an objection to the petition and petitioning to have itself appointed guardian. We held that DHR was not required to file a motion to intervene. Id. at 81 (2). *Martin* does not support White's claim that he has an unconditional right to intervene.

(2) In demonstrating his right to intervene under OCGA § 9-11-24 (a) (2), White was required to claim an interest in the outcome of the proceeding and an interest relating to the property or the transaction which is the subject matter of the action. White admits that he has no interest relating to the property at issue in the proceeding, but states that he possesses a "strong personal interest" in having his grandmother found competent. He claims she asked him "to help her fight the petition." Third party intervention allows a person to come into a case in order to protect *his* right or interpose *his* claim. See

generally *AC Corp. v. Myree*, 221 Ga. App. 513, 515 (1) (471 SE2d 922) (1996). White has not shown that the proposed guardianship would affect any of *his* rights or claims. In the absence of White's own interest in the outcome and in the property or the transaction at issue, he has no right to intervene. See OCGA § 9-11-24 (a) (2); see generally *Kubler v. Goerg*, 197 Ga. App. 667, 668 (1) (339 SE2d 229) (1990).

(b) *Permissive intervention.* OCGA § 9-11-24 (b) provides that an applicant *may* be permitted to intervene in an action when a statute confers a conditional right to do so, or when the applicant's claim or defense and the main action have a question of law or fact in common. In deciding whether to allow intervention under this subsection, the trial court also considers other relevant circumstances, such as the degree to which the intervenor would be affected by the outcome in the underlying case. *Branch v. Maxwell*, 203 Ga. App. 553, 554 (1) (417 SE2d 176) (1992). "Whether permissive intervention is granted is addressed to the sound discretion of the trial judge, and a decision on this issue will not be reversed unless there is an abuse of discretion. [Cit.]" *Sloan v. Southern Floridabanc &c. Assn.*, 197 Ga. App. 601, 603 (2) (398 SE2d 720) (1990). Even assuming OCGA §§ 29-5-6 and 9-11-24 construed together create a conditional right to intervene, because White has neither asserted any claim or defense of his own, nor shown that he would in any way be affected by the outcome of the proceeding, the trial court did not abuse its discretion in denying White's motion to intervene. See *Allgood v. Ga. Marble Co.*, 239 Ga. 858, 859-860 (239 SE2d 31) (1977).

2. In light of our holding in Division 1, we do not reach White's remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 24, 1997 —
RECONSIDERATION DENIED MARCH 11, 1997 — ▮▮▮▮▮▮▮

*Miles & Reese, Dana B. Miles*, for appellant.
*Page, Scrantom, Sprouse, Tucker & Ford, William L. Tucker, Charles H. Ford, Jr., Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep, J. Barrington Vaught, Jacob Beil*, for appellees.