## A05A1155. LEVENTHAL v. POST PROPERTIES, INC. et al.

### (624 SE2d 223)

PHIPPS, Judge.

Ronald S. Leventhal, pro se, contests the overruling of his objections to a proposed settlement of a shareholder derivative action, the denial of his motion to intervene in that action, and the judgment approving the proposed settlement. For reasons that follow, we affirm.

In early May 2003, Amy Vasquez filed a shareholder derivative lawsuit in superior court against Post Properties, Inc. and its board members. The complaint alleged corporate mismanagement by the board. It further alleged breaches of fiduciary duties by the board in connection with its receipt of and response to business proposals received from a third party and in connection with a proxy contest between Post and a board member for control over the board that would be decided at the upcoming Post annual meeting scheduled for May 22, 2003 (hereinafter, "Annual Meeting"). About mid-May 2003, Clem Fowler filed a shareholder derivative lawsuit in superior court against the same defendants, alleging claims similar to those alleged by Vasquez and further asserting a corporate waste claim related to the costs incurred by the proxy contest. These lawsuits were consolidated, and in July 2003, the parties filed notice with the superior court of an agreement in principle settling the claims, subject to discovery to confirm the reasonableness of the settlement, final documentation of the settlement, and court approval.

In December 2003, Leventhal, with knowledge of the *Vasquez-Fowler* action, purchased shares of Post stock. Approximately six weeks later, he filed an objection in the action, stating that full disclosure of the events that gave rise to the litigation should be provided to all Post shareholders. In May 2004, he filed a pro se complaint in superior court against Post and many of its directors. That case was removed to federal district court.

Meanwhile, in July 2004, the parties in the *Vasquez-Fowler* action filed their final proposed settlement, along with a proposed notice of pendency and settlement of the action. The proposed settlement provided that the "Settled Claims shall be finally and fully compromised, settled and released, and the Actions shall be dismissed with prejudice." "Settled Claims" was defined therein as those

claims ". . . related, directly or indirectly, to the complaints in these Actions, the proxy contest relating to the Annual Meeting, and any filings or statements . . . in connection with the proxy conte[s]t relating to the Annual Meeting." "Actions" was defined by the proposed settlement as the *Vasquez* and *Fowler* cases. In support of the parties' request for judgment approving the proposed settlement and ordering dismissal with prejudice of the *Vasquez-Fowler* action, the parties submitted an affidavit of Vasquez's attorney, who stated that plaintiffs' counsel had concluded that the proposed settlement was fair, adequate, and in the best interest of the company only after conducting substantial investigation, including interviewing various directors and reviewing documents pertaining to, among other things, corporate governance measures.

The superior court entered an order approving preliminarily the settlement, approving the parties' proposed notice of settlement, scheduling a settlement hearing for September 30, 2004, and ruling that, "[a]ny Post shareholder who objects to the settlement of the litigation shall have a right to appear and to be heard at the Settlement Hearing, provided that he or she was a Post shareholder of record as of May 22, 2003."

Leventhal filed a second objection in the *Vasquez-Fowler* action, this time protesting being barred from being heard as a shareholder on account of not owning Post shares as of May 22, 2003. He asserted that all shareholders, regardless of purchase dates, would be adversely impacted by the payment of any legal fees incurred by Post in the action, contested the adequacy of the notice of the proposed settlement, and contended that the settlement would compromise his lawsuit then pending in federal district court. Leventhal also filed in the *Vasquez-Fowler* action a copy of his complaint (that had been before a different superior court judge) and a pro se motion to intervene in the *Vasquez-Fowler* action.

At the settlement hearing, counsel for the *Vasquez-Fowler* plaintiffs argued, among other things, that Leventhal had no standing to object to the proposed settlement because he owned no shares of Post stock as of May 22, 2003. Counsel cited the contemporaneous ownership rule embodied in OCGA § 14-2-741 (1): "A shareholder may not commence or maintain a derivative proceeding unless the shareholder . . . [w]as a shareholder of the corporation at the time of the act or omission complained of or became a shareholder through transfer by operation of law from one who was a shareholder at that time."[1]

---

[1] The contemporaneous ownership rule requires that the complaining party "must have been an owner of shares at the time of the transaction in question." Comment to OCGA § 14-2-741. "[T]he contemporaneous ownership rule in Section 14-2-741 (1) [is] based primarily

Counsel further reported to the court, "everything took place prior to that [date] in the proxy contest, and the shareholder vote was the culmination of those acts of transgressions that we complained of in our complaint." Counsel for Post and the board members adopted this position.

Leventhal was heard through his recently retained counsel, who conceded that Leventhal was not a Post shareholder as of May 22, 2003, and then clarified, "Leventhal doesn't contend that he has standing as a Post shareholder to object to this settlement." Counsel proceeded to explain that Leventhal was pursuing the motion to intervene in the *Vasquez-Fowler* action on the ground that the proposed settlement therein would impair and impede derivative claims that he was pursuing in federal district court.

The superior court overruled Leventhal's objections to the settlement. Having also heard argument on the motion to intervene, the superior court denied the motion and then entered judgment approving the proposed settlement. On appeal, Leventhal challenges these rulings.

1. Post and the directors have filed motions to dismiss this appeal on the grounds that Leventhal lacks standing to prosecute it because he did not own Post shares as of May 22, 2003. We deny these motions. A person who has filed a motion to intervene may appeal its denial even if the motion was correctly denied based on a lack of standing to become a party to the underlying suit.[2]

2. Leventhal contends that the superior court erred in denying his motion to intervene, citing OCGA § 9-11-24 (a) (2). It provides that upon timely application, an individual shall be permitted to intervene if he establishes: (1) an interest relating to the property or transaction that is the subject matter of the action; (2) an impairment or impediment of his interest that may result from an unfavorable disposition of the action; and (3) inadequate representation of this interest by the parties already involved.[3] The superior court rejected Leventhal's claim that he had established these factors. We review a denial of a motion to intervene under OCGA § 9-11-24 (a) (2) for abuse of discretion.[4]

Leventhal contended below that the proposed settlement would impair and impede derivative claims that he was pursuing in federal district court. In contravention of Court of Appeals Rule 25 (a) (1), Leventhal's appellate brief fails to cite this court to any such claim.

on the view that it [is] just, in that it prevents the purchase of litigation. It is also simple, clear, and easy to apply." Comment to OCGA § 14-2-741.

[2] *Kipp v. Rawson*, 193 Ga. App. 532, 535 (4) (a) (388 SE2d 409) (1989).

[3] See *Brown v. Truluck*, 239 Ga. 105-106 (236 SE2d 60) (1977).

[4] See *Dept. of Admin. Services v. Brown*, 219 Ga. App. 27 (464 SE2d 7) (1995).

Our requirements as to the form of appellate briefs were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court; a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.[5]

Furthermore, the record contains no certified pleading from the federal district court. And we cannot ascertain from this record the status of the derivative claims asserted in that court at the time the superior court denied Leventhal's motion to intervene.[6] Leventhal's pro se, 114-page complaint filed in superior court (later removed to federal court) does reveal derivative claims alleging corporate waste, mismanagement, and breaches of fiduciary duties by various members of the Post board of directors. Such claims, however, belong to Post — not to Leventhal.[7]

Leventhal lacked standing to assert those derivative claims without counsel as only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record.[8] Nothing in the appellate record or in Leventhal's briefs indicates that he met that requirement. In citing only claims that belonged to the corporation, Leventhal failed to satisfy OCGA § 9-11-24 (a) (2)'s requirement that the potential intervenor must have an interest relating to the property or transaction that is the subject matter of the *Vasquez-Fowler* action. We conclude that the superior court did not abuse its discretion in denying him intervention therein.

3. Leventhal challenges the superior court's overruling of his objections to the proposed settlement.[9] But the superior court's order of notice of pendency of the settlement authorized only Post shareholders as of May 22, 2003, to object to the proposed settlement. Leventhal did not own any Post shares until approximately seven months after that date.

---

[5] *Campbell v. Breedlove*, 244 Ga. App. 819, 821 (535 SE2d 308) (2000) (footnote omitted).

[6] The parties on appeal agree that, during the pendency of this appeal, the federal district court dismissed without prejudice the derivative claims on the ground that Leventhal had not obtained counsel and thus could not pursue the corporation's claims derivatively.

[7] See *Phoenix Airline Services v. Metro Airlines*, 260 Ga. 584, 585 (1) (397 SE2d 699) (1990) (claims of breach of fiduciary duties belong to the corporation, not to the various shareholders); *Ragsdale v. New England Land & Dev. Corp.*, 250 Ga. 233, 234 (1) (297 SE2d 31) (1982) (claims of waste or misappropriation of corporate assets belong to the corporation, not to the various shareholders).

[8] *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997).

[9] By objecting, Leventhal essentially sought to participate in the *Vasquez-Fowler* action. This court's jurisdiction to review this contention is founded upon the overruling of his objection. Accord *Kipp*, supra (denial of intervention may be appealed).

Furthermore, the record shows that Leventhal abandoned any objection to the cut-off date. Notwithstanding the cut-off date, the superior court did permit Leventhal's counsel to be heard at the settlement hearing. Counsel conceded that Leventhal did not own any shares of Post stock as of that date and framed Leventhal's position as: "Leventhal doesn't contend that he has standing as a Post shareholder to object to this settlement. However, he filed a motion to intervene in this case, and he feels that his standing is a result of the motion to intervene." Thus, any objection to the cut-off date raised in Leventhal's second objection was plainly withdrawn from the superior court's consideration.

Consequently, we do not consider whether Leventhal was improperly barred from objecting to the settlement on account of not owning Post shares as of May 22, 2003.[10] "To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, 'He must stand or fall upon the position taken in the trial court.' Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court."[11]

As Leventhal undisputedly did not own shares of Post stock as of the cut-off date, he did not fall within the class of potential objectors to the settlement. Accordingly, the trial court did not err in overruling his objections.

4. Leventhal contends that the superior court erred in entering final judgment approving the proposed settlement and in dismissing with prejudice the *Vasquez-Fowler* action. He further argues that the superior court erroneously approved preliminarily the settlement and the form and manner of the notice of the settlement. But because Leventhal failed to demonstrate that he fell within the class of potential objectors to the settlement, withdrew any protest that the cut-off date unfairly barred him from objecting to the settlement, and failed to obtain intervention in the *Vasquez-Fowler* action, he lacks standing to appeal these rulings.[12]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 23, 2005 —
RECONSIDERATION DENIED DECEMBER 9, 2005 — ▮▮▮▮▮▮▮

Ronald S. Leventhal, *pro se.*

---

[10] See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

[11] Id. (punctuation and footnotes omitted).

[12] See *Coffield v. Kuperman*, 269 Ga. App. 432, 434 (604 SE2d 288) (2004) (only a party to the action below is entitled to appeal); cf. *Kipp*, supra (denial of intervention may be appealed).

*King & Spalding, M. Robert Thornton, Benjamin W. Pope, Michael J. Cates*, for appellees.