75423. AMASON, INC. v. METROMONT MATERIALS CORPORATION.
(364 SE2d 637)

BANKE, Presiding Judge.

Amason, Inc., appeals the trial court's grant of summary judgment to Metromont Materials Corporation in an action by Metromont to recover an alleged account indebtedness. *Held*:

1. Amason contends that the trial court erred in not allowing it

to withdraw certain statutory admissions of fact which had resulted from its failure to file a timely response to requests for admission propounded by the appellee. See generally OCGA § 9-11-36 (a). The trial court denied Amason's motion to withdraw these admissions based on its failure to present any evidence in support of the motion.

Generally, "[t]he propriety of the trial court's grant or denial of a motion to withdraw admissions must be evaluated in light of the standards set forth in the concurring opinion of Justice Hill in *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114) (1979), and adopted by the Supreme Court in *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982)." *Battle v. Strother*, 171 Ga. App. 418, 420 (319 SE2d 887) (1984). These standards place a burden on the movant to show that the presentation of the merits of the case would be subserved by allowing the admissions to be withdrawn. Because Amason failed to present any such evidence, the trial court properly denied its motion to withdraw the admissions. Accord *Worth v. Alma Exchange Bank & Trust*, 171 Ga. App. 748, 752-753 (320 SE2d 816) (1984).

2. Amason contends that material issues of fact exist with respect to its defenses of lack of jurisdiction and improper venue. Amason is a non-resident of the county where the suit was brought but is alleged to be subject to suit there on the ground that it is a joint obligor with other defendants who are residents of that county. See *Smith v. United Ins. Co. of America*, 169 Ga. App. 751, 753 (315 SE2d 265) (1984). While the admissions made by Amason establish as a matter of law, for purposes of the present litigation, that it has no defense on the merits to the plaintiff's claim, it does not follow that the plaintiff is automatically entitled to a final judgment against Amason upon which immediate execution and levy would be authorized. "Where a court acquires jurisdiction over a defendant solely because the court has jurisdiction over a joint-defendant . . . the exercise of such jurisdiction so as to enter a final judgment against such a defendant requires a determination of liability against the defendant over which it is exercising primary jurisdiction." *Byrd v. Moore Ford Co.*, 116 Ga. App. 292, 294 (157 SE2d 41) (1967). Thus, Amason is correct in its assertion that the entry of final judgment against it will have to await and will be contingent upon an adjudication of the liability of the other defendants.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 11, 1988.

*Arnold S. Kaye*, for appellant.
*Michael D. Anderson, James D. Meadows*, for appellee.