## A90A0528. HOLBROOK v. FOKES et al.
(393 SE2d 718)

BIRDSONG, Judge.

Arthur Holbrook appeals from a defendants' verdict in this medical malpractice case. His sole enumeration of error below is that the trial court committed fatal error in giving this so-called "hindsight" charge to the jury: "I further charge you that in a medical malpractice action, a defendant cannot be found negligent on the basis of an assessment of the patient's condition which only later or in hindsight prove[s] to be correct so long as the initial assessment was made in accordance with the reasonable standards of medical care. The concept of negligence does not encompass hindsight." *Held*:

Appellant contends the quoted charge is inherent error because, of necessity, most expert opinions on behalf of a plaintiff in medical malpractice cases are based upon an after-the-fact review of records and evidence by plaintiff's expert, which might always be, and in this case was described by the expert himself as "hindsight."

We find no error in this charge. It properly instructs the jury that an after-the-fact assessment of facts or evidence cannot be the basis of a negligence claim "so long as the initial assessment was made in accordance with the reasonable standards of medical care. . . ." The charge correctly distinguishes between hindsight and *foresight*, which is the basis for any negligence claim, and thus has been approved in *Jones v. Finley,* 170 Ga. App. 182 (316 SE2d 533) and *Haynes v. Hoffman,* 164 Ga. App. 236, 238 (296 SE2d 216), as a proper instruction on foreseeability.

The charge itself does not imply that opinions of experts reviewing medical records after the fact constitute "hindsight." Rather, it is the plaintiff's job to ensure the jury is not confused on the point even if the expert stumbles into some admission concerning the point of time at which he or she reviewed the case history. Both the plaintiff's counsel and the defense counsel made the best they could out of the issue in this case, when the question arose. The defendants' verdict

cannot be laid out as the trial court's fault where, as here, the charge was correctly given on the basis that negligence can be based only upon a finding of foreseeability in the "initial assessment," and not "hindsight."

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1990.

*Cook & Palmour, Bobby Lee Cook, Wade C. Hoyt III*, for appellant.

*K. Marc Barre, Jr., Long, Weinberg, Ansley & Wheeler, Roger Mills*, for appellees.