A97A0208. PATTERSON v. JOHNSON et al.
(486 SE2d 660)

BIRDSONG, Presiding Judge.

Following the grant of an interlocutory appeal, John West Patterson appeals the denial of his motion to dismiss the complaint of Karen L. Johnson and Lorenzo L. Johnson because of lack of service of process and laches. He contends the trial court erred by applying a due diligence standard rather than the greatest possible diligence standard when considering whether the Johnsons had perfected service and also abused its discretion in not dismissing the complaint against him.

On March 1, 1994, the Johnsons were involved in a motor vehicle

collision with a vehicle driven by Patterson but owned by Thomas Dragoone. Patterson's driver's license, which he presented to the police officer investigating the collision, showed the same address as Dragoone's. When the Johnsons filed suit against both Dragoone and Patterson on August 18, 1995, service was attempted on both at Dragoone's residence with Dragoone's wife receiving the service.

Patterson answered the complaint on September 18, 1995, and asserted insufficient service of process as a defense. On November 22, 1995, Patterson responded to discovery from the Johnsons seeking the basis for his assertion of that defense by stating that he did not reside at the Dragoone's house when service was attempted. In the same discovery response he provided his current and correct address.

On March 22, 1996, Patterson moved to dismiss the action, or in the alternative for summary judgment, asserting that the Johnsons' claim was now barred by the statute of limitation because service was never perfected upon him. Subsequently, on April 13, 1996, 44 days after the statute of limitation expired on March 1, 1996, the Johnsons served Patterson with process.

In response to this motion, the Johnsons contended that they had exercised reasonable diligence in perfecting service upon Patterson because they attempted to serve him at the address he gave the investigating officer at the time of the collision and because they were not able to depose Patterson before the period of limitation expired. After finding that the Johnsons "acted reasonably and diligently in effecting service of process" upon Patterson, the trial court denied the motion to dismiss.

Later, Dragoone was granted summary judgment because the trial court found that the family purpose doctrine was inapplicable. He is not a party to this appeal. *Held*:

"Where service is made, as here, after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute, but only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible. The plaintiff also has the burden of showing lack of fault. *Slater v. Blount*, 200 Ga. App. 470, 472 (408 SE2d 433) (1991)." *Sykes v. Springer &c.*, 220 Ga. App. 388, 389 (469 SE2d 472). "If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limita-

tion." *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (307 SE2d 134). Further, as plaintiffs have the responsibility to investigate and learn where the defendant may be located and served (*Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510); *Cheek v. Norton*, 106 Ga. App. 280, 285 (126 SE2d 816)), it is no excuse that Patterson could not be served at the address that was indicated on his driver's license some 18 months earlier.

More importantly, the receipt of Patterson's answer asserting defective service "should have put [the Johnsons] on notice and inspired them, through counsel, to exercise the greatest possible diligence to ensure proper and timely service." *Roberts v. Bienert*, 183 Ga. App. 751, 752 (360 SE2d 25). Thus, from the time the Johnsons received this information, they were "obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Citation and punctuation omitted.) *Sykes v. Springer*, supra at 390. Accord *Devoe v. Callis*, 212 Ga. App. 618, 620 (442 SE2d 765).

Although the question whether plaintiffs exercised the greatest possible diligence in perfecting service is generally a matter committed to the discretion of the trial court, under the facts of this case we must conclude that the trial court erred by applying the wrong standard. This defendant was not served until 44 days after the statute of limitation expired, more than ten months after the complaint was filed, and more than four months after plaintiffs were informed of Patterson's correct address. Under these circumstances, we must find that the trial court erred by not dismissing the complaint. Further, as the Johnsons were guilty of laches, Patterson was not served with process within the period of limitation, and, therefore, he is entitled to summary judgment.

Accordingly, the order of the trial court is reversed and the case remanded to the trial court with direction to enter summary judgment for Patterson.

*Judgment reversed with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED MAY 9, 1997 — 

 Before Judge Carlisle.

*Sharon W. Ware & Associates, Reynolds E. Pitts, Jr.*, for appellant.

*Erck, Dever & Merlin, Hayes M. Dever, Douglas M. Robinson*, for appellees.