### A98A0837. CURRY v. GEORGIA DEPARTMENT OF CORRECTIONS.

(503 SE2d 597)

Judge Harold R. Banke.

Kizzie Curry commenced this slip and fall action under the Georgia Tort Claims Act against the Department of Corrections ("DOC"). She appeals the trial court's order granting the DOC's motion to dismiss for failure to perfect service, enumerating two errors.

The record shows that the cause of action arose on August 20, 1994 when allegedly Curry fell at the Macon Transitional Center after teaching a class. On August 16, 1996, the day she filed her complaint, she also mailed copies of the complaint and acknowledgments of service to Doug Williams at the Risk Management Division of the Department of Administrative Services and Shelton Hill at the DOC.[1] On August 27, 1996, Williams signed the acknowledgment of service in his capacity as the Liability Program Manager. Wayne Garner, Chief Executive Officer of the DOC, was properly served on October 1, 1996. *Held*:

1. The trial court did not abuse its discretion in dismissing this action. *Bible v. Hughes*, 146 Ga. App. 769, 770 (2) (247 SE2d 584) (1978) (standard of review). To perfect service in a civil action against the State under the Tort Claims Act, a plaintiff "must both: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; and (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address." OCGA § 50-21-35. The procedural strictures of the Tort Claims Act, like its other terms, are strictly construed. *How-*

---

[1] Curry also arranged for a courier to deliver the complaint after learning it had not been expeditiously received.

*ard v. State of Ga.*, 226 Ga. App. 543 (1) (487 SE2d 112) (1997); see *Christensen v. State of Ga.*, 219 Ga. App. 10, 11 (1) (464 SE2d 14) (1995).

The statute of limitation expired on Curry's claims two years after the cause of action arose, on August 20, 1996. OCGA § 50-21-27 (c). When service is accomplished after the statute of limitation has expired, the timely filing of the complaint tolls the statute only upon a showing that the plaintiff acted reasonably and diligently in effecting proper service as quickly as possible. *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997). The plaintiff also bears the burden of showing lack of fault. *Sykes v. Springer*, 220 Ga. App. 388, 389 (1) (469 SE2d 472) (1996).

It is undisputed that service had not been perfected on the Director of Risk Management at the time this action was dismissed. The record shows that Doug Williams did not purport to be the Director of Risk Management when he signed the waiver of service. *Patterson*, 226 Ga. App. at 398 (plaintiffs bear the responsibility to investigate and learn where a defendant may be located and served). Further, nothing in the Tort Claims Act permits waiver of service in these circumstances or service by means other than those specified in OCGA § 9-11-4 (c). OCGA § 50-21-35; see *Howard*, 226 Ga. App. at 544 (1). Notwithstanding Curry's allegations about Doug Williams' duplicity, her failure to effectuate service for over a year after filing the complaint, knowing of the DOC's attack on the sufficiency of service of process, prevents her from establishing a lack of fault for the delay. *Sykes*, 220 Ga. App. at 389 (1). The trial court did not abuse its discretion in determining that she failed to exercise due diligence.

2. Inasmuch as Curry failed to support her second enumeration with argument or citation of authority, it is deemed abandoned. Court of Appeals Rule 27 (c) (1) and (2).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 28, 1998.

*Stacy, Sanders & McAlpine, Stroud P. Stacy II*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Lisa S. Siegel, Debra A. Golymbieski, Assistant Attorneys General*, for appellee.