## A00A1290. INGRAHAM et al. v. MARR et al.
### (540 SE2d 652)

RUFFIN, Judge.

While driving a car belonging to Morris Drane, Francis Ingraham hit a car driven by Charles Marr. Marr sued Ingraham for negligently causing his injuries, and he sued Drane under a theory of respondeat superior.[1] Drane moved for summary judgment, arguing that he could not be held liable for any of Ingraham's allegedly negligent acts. Ingraham sought either summary judgment or dismissal, asserting that Marr failed to serve him within the statute of limitation. The trial court denied both motions, and we granted defendants' interlocutory appeal. For reasons that follow, we reverse.

1. Drane contends that the trial court erred in failing to grant his motion for summary judgment because there are no facts under which he can be held liable for Ingraham's negligence. We agree.

A defendant may prevail at summary judgment by demonstrating that there is no jury issue on at least one essential element of the plaintiff's case.[2] This may be done

> by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).[3]

In his complaint, Marr sought to hold Drane liable under the doctrine of respondeat superior, under which a principal may be held liable for the acts of his agent.[4] Drane, however, submitted an affidavit denying that Ingraham was his agent, and such denial "is a statement of fact sufficient to support a motion for summary judgment in an action based on the doctrine of respondeat superior."[5] Accordingly, the burden shifted to Marr to set forth facts that supported his claim of agency.[6] As Marr failed to point to any evidence contradicting Drane's denial, the trial court erred in failing to grant Drane's motion for summary judgment on this basis.[7]

Marr also contends that issues of fact remain as to whether

---

[1] Marr's wife also brought a claim for loss of consortium.
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[3] Id.
[4] See *Johnson v. Dallas Glass Co.*, 183 Ga. App. 584, 586 (1) (359 SE2d 448) (1987).
[5] *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 551 (261 SE2d 361) (1979).
[6] See id. See also *Lau's Corp.*, supra.
[7] *Thomas v. Schouten*, 210 Ga. App. 244, 245-246 (2) (435 SE2d 746) (1993).

Drane is liable under either the family purpose doctrine or negligent entrustment. We note, however, that Marr never raised either of these theories in his complaint, nor did he amend his complaint to include them. "A complaint must set forth the intended theory of recovery because there can be no recovery on a theory not alleged."[8] Accordingly, Marr's failure to allege these theories below precludes him from raising them on appeal.

Marr contends that the pleadings should be deemed amended to conform to the evidence. It is true that pleadings may be deemed amended.[9] Here, however, the evidence does not raise either theory.

There are four prerequisites to establishing a claim under the family purpose doctrine:

> (1) the defendant must own or have an interest in or control over the automobile; (2) the defendant must have made the automobile available for family use; (3) the driver must be a member of the defendant's *immediate household*; and (4) the vehicle must have been driven with the permission or acquiescence of the defendant.[10]

Drane testified on deposition that Ingraham, his brother-in-law, was purchasing the car from him, that Ingraham was not a member of his immediate household, and that Ingraham was using the car for his own benefit at the time the collision occurred. Given this unrefuted testimony, we fail to see how Drane could be held liable under the family purpose doctrine.

Under a negligent entrustment theory, "liability is predicated . . . on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless.[11] Here, Marr points to no evidence tending to show that, at the time of the collision, Drane had actual knowledge that Ingraham was incompetent or reckless.[12]

Thus, the evidence does not raise either the family purpose doctrine or negligent entrustment, and the complaint may not be deemed amended to include them.[13] Accordingly, we reverse the order of the trial court denying Drane's motion for summary judgment and remand to the trial court to enter summary judgment for Drane.

---

[8] *Gomez v. Chao*, 239 Ga. App. 474, 475 (1) (521 SE2d 421) (1999).

[9] *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (2) (359 SE2d 178) (1987).

[10] (Footnote omitted; emphasis in original.) *Simmons v. Hill*, 242 Ga. App. 22, 23-24 (528 SE2d 557) (2000).

[11] (Punctuation omitted.) *Liddy v. Hames*, 177 Ga. App. 517 (1) (339 SE2d 778) (1986).

[12] Although Marr points to the fact that Ingraham had a subsequent car accident, this is irrelevant to Drane's knowledge at the time of the first collision.

[13] *Powers v. Latimer*, 215 Ga. App. 245, 247-248 (3) (450 SE2d 295) (1994).

2. Ingraham contends that the trial court erred in failing to grant his motion to dismiss or, in the alternative, for summary judgment based upon Marr's failure to serve him within the statute of limitation. The trial court determined that Marr exercised due diligence in attempting to locate and serve Ingraham, and it denied his motion.

The record reveals that the collision occurred on August 29, 1997. Marr filed his complaint on November 19, 1998. A deputy sheriff attempted to serve Ingraham at a Duluth address on December 1, 1998, but Ingraham had apparently moved without leaving a forwarding address. On August 4, 1999, Ingraham filed his answer and raised the defense of insufficient service of process, and, on October 4, he filed a "Motion to Dismiss and/or Summary Judgment."

On October 5, 1999, a sheriff attempted to serve Ingraham at a Monroe address that Drane provided, but was unable to find him. Following a November 29, 1999 hearing, the trial court concluded that Marr had exercised due diligence in attempting to serve Ingraham. Ingraham was finally served on November 30, 1999 — over three months after the expiration of the statute of limitation.[14]

If a party is served beyond the statute of limitation, the service will relate back to the time of filing of the complaint if the plaintiff is able to show that he acted diligently in serving the defendant.[15] If a defendant's answer raises the issue of defective service, however, a plaintiff is, from that point forward, "obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service."[16]

In concluding that Marr exercised "due diligence," the trial court applied an incorrect standard. Accordingly, we must reverse. Ordinarily, we would remand to the trial court as the issue of diligence "is generally a matter committed to the discretion of the trial court."[17] But the undisputed facts of this case demonstrate that Marr failed to exercise the greatest possible diligence in serving Ingraham.

Marr claims that Ingraham should not be rewarded for being an "artful dodger of service of process." In determining whether Marr exercised the greatest possible diligence, however, we focus on *his* actions, not Ingraham's. The fact that a defendant may be hard to find does not justify a lack of effort on the part of a plaintiff. Here,

---

[14] See OCGA § 9-3-33. We note, however, that a loss of consortium claim has a statute of limitation of four years and, thus, the claim brought by Marr's wife is not subject to dismissal on this basis.

[15] *Allen v. Kahn*, 231 Ga. App. 438, 439 (499 SE2d 164) (1998).

[16] (Punctuation omitted.) *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997).

[17] Id.

Ingraham raised the issue of defective service in his answer, which he filed on August 4, 1999. From this point forward, Marr was required to exercise the greatest possible diligence in serving Ingraham. Nevertheless, he waited until October 5, 1999, to attempt service.

Although Marr emphasizes the fact that he was unable to find Ingraham on this date, he provides no explanation as to why he waited over two months to even attempt service. Had Marr attempted service earlier, he would have had time to serve Ingraham by publication within the statute of limitation, as provided for in OCGA § 9-11-4 (e).[18]

By failing to attempt service of process in a timely manner, Marr failed to exercise the greatest possible diligence.[19] Accordingly, we reverse the order of the trial court, and we remand the case to the trial court with direction to enter summary judgment for Ingraham on Marr's negligence claim.

*Judgment reversed and remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 20, 2000.

*Shur, McDuffie, Brockman & Williams, Reynolds E. Pitts, Jr.*, for appellants.
*Webb & Webb, Michael S. Webb*, for appellees.

---

[18] Although Marr's attorney did file an affidavit as required prior to service by publication, he did not do so until November 19, 1999 — after the statute of limitation had expired and more than three months after Ingraham's answer raising the issue of defective service.

[19] *Patterson*, supra.