A01A1290. BAILEY v. BAILEY et al.
(555 SE2d 853)

MILLER, Judge.

In his suit against appellees for injuries suffered in a car accident, Gregory Bailey appeals from the trial court's denial of his motion for service by publication, its failure to rule on his motion to extend discovery, and the granting of appellees' motions to dismiss. We discern no error and affirm.

Following a December 4, 1996 car accident, Gregory sued Derrick and Ramon Bailey in DeKalb County Superior Court. Derrick and Ramon's former attorney acknowledged service on their behalf in this original action on December 1, 1998. Gregory voluntarily dismissed this lawsuit on September 15, 1999, and renewed his case against Derrick and Ramon on March 8, 2000.

On March 10, 2000, Gregory attempted to serve Derrick with the renewed lawsuit at a DeKalb County address, but was unsuccessful. The sheriff's entry of service on that date indicated that Derrick had moved from the listed address. The record reveals that because of budgetary constraints, Gregory made no further attempts to serve Derrick after March 10, 2000, or even to find him after March 31, 2000. The available address for Ramon was not in DeKalb County, so the DeKalb County Sheriff did not attempt to serve him. Gregory used a private process server who served "Maurice Smith" at the address listed for Ramon, believing that Maurice Smith was an alias of Ramon. In March and April 2000 answers to the complaint, insufficient service of process was asserted as an affirmative defense on behalf of both Derrick and Ramon.

The uninsured motorist carrier moved to dismiss both Derrick and Ramon on July 31, 2000, due to insufficient service of process and laches, and Ramon filed a similar motion on his own behalf on September 27, 2000. On August 30, 2000, Gregory filed a motion to allow service by publication on Derrick and Ramon and, on October 6, 2000, filed a motion to extend discovery alleging that both Derrick and Ramon were using aliases and attempting to avoid service and discovery. The trial court denied Gregory's motion to allow service by publication on Derrick, stating that Gregory did not exercise the req-

uisite diligence to find Derrick, and further granted Derrick's motion to dismiss. The trial court dismissed Derrick with prejudice because the statute of limitation had expired. Since the court lacked jurisdiction over Derrick, it concluded that even if service on Maurice Smith constituted sufficient service on Ramon, it could not exercise jurisdiction over Ramon unless Ramon resided in DeKalb County on the date that the suit was filed. The court therefore dismissed Ramon without prejudice, but stated that it would reconsider this decision as a dismissal with prejudice if Ramon could present to the court a valid driver's license and proof of his DeKalb County residence on the date that the lawsuit was filed.

Ramon presented the requested information to the court within a week of the court's order, but was asked to resubmit the information with a formal motion for reconsideration and an affidavit. Before the motion for reconsideration was filed, Gregory filed the instant appeal.

1. Gregory argues that the trial court abused its discretion by granting Derrick's and Ramon's motions to dismiss and by denying his motion to allow service by publication. In order to toll the statute of limitation after the timely filing of a complaint, a plaintiff must show that he acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible or else he is guilty of laches.[1] "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[2] When the statute of limitation has expired, and a defendant raises the issue of defective service in his answer, the plaintiff must act with "the greatest possible diligence" from that point forward in order to serve the defendant or risk dismissal of his case.[3] With respect to a motion for service by publication in an uninsured motorist case, it is important to note that a plaintiff need not show that he attempted to serve a defendant, but show only that he exercised due diligence in his attempts to find a defendant or that the defendant was concealing himself to avoid service, before the court will allow service by publication on that defendant.[4]

---

[1] *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997).

[2] (Citations and punctuation omitted.) *Sykes v. Springer*, 220 Ga. App. 388, 390 (1) (469 SE2d 472) (1996).

[3] See *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000).

[4] See OCGA § 33-7-11 (e); *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170 (520 SE2d 917) (1999) ("[P]ermitting service by publication does not require a showing that service has been attempted but only that the party to be served has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid service of summons. . . .") (citation and punctuation omitted).

Since no attempts were made to serve Derrick after March 10, 2000, or to even find him after March 31, 2000, and since Gregory did not file his motion to allow service by publication until five months later and a month after the uninsured motorist carrier's motion to dismiss both defendants, we find no abuse of discretion here.[5] As the trial court did not abuse its discretion in concluding that Gregory did not act with the due diligence that would warrant service by publication, it follows that the court did not abuse its discretion in determining that Gregory did not act with the greatest possible diligence to serve Derrick. Without a proper showing of due diligence in his attempt to find Derrick, the denial of Gregory's motion for service by publication was proper.[6] Likewise, the dismissal with prejudice for Gregory's failure to show the requisite diligence to serve Derrick following the expiration of the statute of limitation was also proper.[7]

The trial court further did not err by dismissing Ramon from the case. The address used by Gregory in his attempt to serve Ramon was not in DeKalb County. Without personal jurisdiction over Derrick, the trial court could not exercise jurisdiction over Ramon[8] unless Ramon resided in DeKalb County on the date that the lawsuit was filed.[9]

2. Gregory further contends that the trial court abused its discretion by stating that it would reconsider its dismissal of Ramon without prejudice as a dismissal with prejudice. However, the trial judge did not actually reconsider its ruling because this appeal was filed before the filing of any motion for reconsideration. Absent an actual ruling by the trial judge, this issue raised by Gregory is not ripe for review.[10]

Even if the issue were ripe for appellate review, "a trial judge has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion."[11] The trial court did not

[5] See *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313, 314 (1) (529 SE2d 439) (2000) (trial court properly found lack of diligence where cursory investigation failed to locate defendant, defendant had not been served three months after expiration of statute of limitation, and plaintiff did not file motion for service by publication until one month after defendant filed motion to dismiss).

[6] Id.

[7] *Pryor v. Douglas Shopper-The Coffee County News*, 236 Ga. App. 854, 858 (2) (514 SE2d 59) (1999).

[8] *Amason, Inc. v. Metromont Materials Corp.*, 185 Ga. App. 509, 510 (2) (364 SE2d 637) (1988).

[9] *McLain Bldg. Materials v. Hicks*, 205 Ga. App. 767, 768 (1) (423 SE2d 681) (1992) ("[F]or purposes of venue and other jurisdictional questions, a person's residence at the time of filing of suit is the determining factor.") (citations and punctuation omitted).

[10] See *Gilbert v. Montlick & Assoc., P.C.*, 248 Ga. App. 535, 537 (4) (546 SE2d 895) (2001).

[11] (Citations omitted.) *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995).

abuse its discretion by agreeing to consider additional evidence about Ramon's residence prior to making a final ruling as to the nature of its dismissal of Ramon due to lack of jurisdiction.

3. Gregory also urges that the trial court erred by allowing Ramon to submit his driver's license and DeKalb County residence information to the court, because the submission constituted an ex parte communication. Gregory raised no objection about this alleged ex parte communication below and therefore has presented nothing for this court to review.[12] Even if the issue had been preserved, "there is no indication in the record that the trial court gave any consideration to the [items submitted by Ramon]."[13] Instead of considering the submissions by Ramon, the court instructed Ramon to resubmit the requested information through a formal motion for reconsideration. We find no harmful error here.

4. In light of the court's dismissal of Derrick and Ramon, Gregory's motions for service by publication on Ramon and to extend discovery were rendered moot.

*Judgment affirmed. Johnson, P. J., concurs. Eldridge, J., concurs and concurs specially.*

ELDRIDGE, Judge, concurring and concurring specially.

I concur fully with the majority and write to emphasize the different due diligence required when there is a pro forma service by publication under the uninsured motorist provisions of OCGA § 33-7-11 (e) and personal jurisdiction is not expected to result to satisfy the necessity of a judgment to satisfy the condition precedent for the insurer to be liable and due diligence that must be exercised when service is perfected after the statute of limitation has run for personal jurisdiction. See *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168 (520 SE2d 917) (1999).

The confusion occurs where plaintiff's counsel seeks to obtain both personal jurisdiction for liability purposes and service by publication to satisfy UM coverage if the uninsured motorist cannot be identified or served. Seeking to do both or to do either in the alternative leads to confusion with the trial court's application of the different standards for both types of service; due diligence has different standards for each. *Wilson v. State Farm &c. Ins. Co.*, supra. Where the suit was filed prior to the running of the statute of limitation and service was perfected after the statute has run for the relation back of service to the time of filing and to avoid laches, the plaintiff must exercise due diligence in seeking to perfect service, and if the service is challenged as a defense, plaintiff is "obligated to exercise, not due

---

[12] *In re Martin*, 218 Ga. App. 79, 80 (1) (460 SE2d 304) (1995).
[13] Id.

diligence, but the greatest possible diligence to ensure proper and timely service." (Punctuation and footnote omitted.) *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000); see also *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997). To make service by publication for purposes of UM coverage, which lacks personal jurisdiction, the due diligence involves only sufficient effort to produce evidence that establishes that the uninsured motorist left the state, is avoiding service and is hiding, or cannot be found to perfect personal service. See *Wilson v. State Farm &c. Ins. Co.*, supra. However, some effort must be made to locate the uninsured motorist before service by publication will be permitted, which was absent in this case. *Swanson v. State Farm &c. Ins. Co.*, 242 Ga. App. 616 (530 SE2d 516) (2000); *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313, 314 (529 SE2d 439) (2000). Thus, a failure to exercise any due diligence necessary to produce some evidence that the uninsured motorist has left the state, is hiding from service, or cannot be found will allow the UM carrier to escape liability on lack of service grounds. Id.

DECIDED OCTOBER 26, 2001.

*Carter & Tate, Mark A. Tate, Charles A. Mathis, Jr., Linda G. Bass*, for appellant.

*Mabry & McClelland, James T. Budd, Timothy S. McConnell, Claxton & Claxton, William P. Claxton, Leslie H. Claxton, Kelley C. Herrin*, for appellees.