## A06A0328. KELLEY v. LYMON.
(632 SE2d 734)

MILLER, Judge.

Tara R. Kelley sued Garrett Lymon, Jr., for personal injuries sustained in a June 2001 automobile accident. The suit was filed one month before the two-year statute of limitation expired. See OCGA § 9-3-33. Lymon raised the defense of insufficient service of process in his answer. Fifteen months after the statute of limitation expired, Lymon still had not been served, and the trial court dismissed Kelley's complaint. Kelley appeals, arguing that the trial court should not have dismissed her complaint and should have granted her motion to compel Lymon's deposition. We discern no error and affirm.

Kelley filed a complaint against Lymon in May 2003 and attempted to serve him at an Atlanta address on June 5, 2003. The sheriff was unable to serve Lymon, who had moved without leaving forwarding information. Lymon answered that Kelley's complaint should be dismissed due to insufficient service of process. Lymon served interrogatories and a request for production of documents on

---

Kelley, but he consistently stood by his defense of insufficient service. Kelley hired a private investigator/skip tracer to locate Lymon, but he did not find him.

In July 2003, after the statute of limitation had expired, Kelley noticed Lymon's deposition. Lymon filed a motion for a protective order, arguing that he could not be made to sit for a deposition when he had not been served with the lawsuit against him. In August 2003, the trial court granted Lymon's motion for a protective order. Thereafter, Kelley served additional discovery on Lymon's counsel, to which Lymon did not respond. In October 2003, Kelley filed a "Motion for Order to Take Defendant's Deposition," arguing that the deposition was necessary as a means of locating Lymon. Lymon opposed the motion, arguing once again that he had not been served with the complaint.

Almost two weeks later, Kelley filed a motion to compel responses to her discovery. Lymon responded that he still had not been served. Kelley then filed a clarification to her motion to compel, arguing that the trial court should compel Lymon's deposition so that she could learn his whereabouts and effect service on him.

In September 2004, following a hearing on Kelley's motions two weeks earlier, the trial court denied Kelley's motions and dismissed her complaint for insufficient service. Kelley appeals.

1. Kelley contends that the trial court erred in dismissing her complaint due to insufficient service. We disagree.

A trial court's finding of insufficient service of process must be upheld on appeal absent a showing of an abuse of discretion. *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999). In order to toll the statute of limitation after the timely filing of a complaint, a plaintiff must show that he acted in a reasonable and diligent manner in attempting to effectuate proper service. *Patterson v. Johnson*, 226 Ga. App. 396, 397 (486 SE2d 660) (1997). When the statute of limitation has expired, and a defendant raises the issue of defective service in his answer, the plaintiff must act with "the greatest possible diligence" from that point forward in order to serve the defendant (and have such service relate back to the filing of the complaint) or risk dismissal of his case. See *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000). A trial court has the inherent power to dismiss a case sua sponte where appropriate. *Ga. Receivables v. Williams*, 218 Ga. App. 313 (2) (461 SE2d 280) (1995); see also *Smith v. Adamson*, 226 Ga. App. 698, 699 (2) (487 SE2d 386) (1997).

The record reveals that Kelley did little to attempt to serve Lymon after her initial efforts to find him through a private investigator failed. Indeed, instead of diligently pursuing service herself, Kelley sought to have the trial court compel Lymon's deposition,

thereby forcing Lymon to come to her, which would allow her to effect proper service upon him. Kelley's attempt to shift the burden of her search onto the trial court was inappropriate, and in no way would constitute reasonable diligence, let alone the "greatest possible diligence" on her part, to serve Lymon. See *Wilson v. Ortiz*, 232 Ga. App. 191, 192 (1) (a) (501 SE2d 247) (1998) ("[The] *plaintiffs* have the responsibility to investigate and learn where the defendant may be located and served.") (citation and punctuation omitted; emphasis supplied); *Ingraham*, supra, 246 Ga. App. at 447-448 (2). The trial court properly exercised its discretion in dismissing Kelley's complaint.* See *Ingraham*, supra, 246 Ga. App. at 447-448 (2).

2. In light of our holding in Division 1 that the trial court properly dismissed Kelley's complaint, her remaining enumeration is moot.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 16, 2006.

*Robert S. Windholz, Charles D. Gabriel*, for appellant.
*Mabry & McClelland, Adam C. Joffe*, for appellee.

---

* Contrary to Kelley's argument, the fact that Lymon served interrogatories and a request for production of documents on her did not constitute waiver of Lymon's defense of insufficient service. "[P]articipation in discovery after the defense of insufficiency of service has been properly raised in an answer to a complaint does not constitute a waiver of the defective service." (Citation and punctuation omitted.) *Hardy v. Lucio*, 259 Ga. App. 543, 544 (1) (578 SE2d 224) (2003).