[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11392

Non-Argument Calendar

_____

JEROME VENTO,

Plaintiff-Appellant,

*versus*

JAYKANT R. PATEL,
AUTO-OWNERS INSURANCE COMPANY AND OWNERS
INSURANCE COMPANY,
Uninsured Motorist Insurance Carrier,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03181-MLB

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jerome Vento was injured when a negligent driver lost control and struck him on the road.  After settling with the driver, Vento filed a complaint against the motorist insurance carrier of the underinsured motorist who struck his car.  The district court dismissed Vento's case for failure to perfect timely service, which he now appeals.  For the reasons discussed below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 2019, Jaykant Patel drove negligently and lost control of his car, swerving into Vento's car and causing Vento serious injuries.  On April 4, 2022,[1] Vento sued Patel in Georgia

---

[1] Beginning on March 14, 2020, the Georgia Supreme Court entered several Judicial Emergency Orders tolling deadlines and statutes of limitations because of the COVID-19 pandemic. *See* Ga. Sup. Ct. Admin. Order of Mar. 14, 2020.  The statute of limitations tolling was lifted on July 14, 2020.  *See* Ga. Sup. Ct. Admin. Order of June 12, 2020, at 3.  As a result, the applicable statute of limitations was extended for 122 days, ultimately lapsing on April 26, 2022. *See id*. at 4 ("The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitations would have run, shall be excluded from the calculation of that statute of limitation.").

state court. Vento and Patel had agreed to a settlement, but the applicable insurance was insufficient to cover Vento's injuries, so Vento also served (or tried to serve) the complaint on unnamed defendant Auto-Owners Insurance Company ("Auto-Owners"), which Vento believed to be his underinsured motorist insurance carrier.

Auto-Owners and an affiliate called Owners Insurance Company ("Owners Insurance" and collectively, the "Insurance Companies") removed the case to federal court. The Insurance Companies then moved to dismiss Vento's complaint, claiming that Owners Insurance (not Auto-Owners) was the correct underinsured motorist carrier and advancing the following five main arguments. First, Vento failed to properly serve any defendant. Second, Vento had not served Patel, a necessary antecedent to recovery from the underinsured motorist carrier, and any further attempt to serve would be untimely. Third, Vento failed to demonstrate reasonable diligence in trying to serve on Auto-Owners. Fourth, Vento had not even tried to serve Owners Insurance and had therefore failed to exercise reasonable diligence as to that entity. And finally, in light of the failure to serve, Vento's claims were barred by the statute of limitations.

Vento responded to the motion to dismiss, insisting that "[d]espite a few hiccups," he had acted diligently and did, in fact, timely serve Auto-Owners. He attached an affidavit from his counsel, David Baum (the "Baum Affidavit"), in which Baum attested that Vento acted with reasonable diligence in attempting

to serve Auto-Owners in accordance with Georgia law, O.C.G.A. § 33-11-7.  In sum, the Baum Affidavit swore to the following facts:

> After filing the Complaint, I sent a copy of the Summons and Complaint to the Gwinnett County Sheriff's Department, requesting that the department serve the Complaint upon Auto Owners.  When I checked the status of the service, I was told that the sheriff was in the process of making service.
>
> However, after a few weeks passed, I again called the sheriff, and this time I was told that no service had been made AND that they could not find the check from my office.  I was then forced to send a new copy of the Complaint and a new check to the Gwinnett Sheriff's Department to effect service upon Auto Owners.
>
> In the meantime, in order to exercise reasonable diligence in light of Gwinnett Sheriff's failure to effect service, I began contacting the usual service of process company utilized by counsel, i.e., Atlanta Legal Services.  Unfortunately, there was a two-week delay [and] I was unable to contact Marc Allard, who coordinates service of process for Atlanta Legal Services.  For two to three weeks, I sent Mr. Allard several calls and emails re: serving process on Auto Owners, to no avail.
>
> However, as soon [as] I was able to reach Atlanta Legal Services, I hired the company to effect service upon Auto Owners.  Several days later, I was contacted by Marc Allard, who informed counsel that

> Atlanta Legal Services was not appointed in Gwinnett County.
>
> As a result, I immediately filed a Motion to Appoint Atlanta Legal Services in the Gwinnett County State Court, asking to appoint a process server from Atlanta Legal Services. The Judge's staff next contacted me and requested a resume for Atlanta Legal Services' process server. As I was obtaining the resume, the Gwinnett County Sheriff successfully served Auto Owners with process of this lawsuit.

All of this, Vento submitted, was evidence of diligence and reason to deny the motion to dismiss. Vento also disputed the Insurance Companies' assertion that Owners Insurance, rather than Auto-Owners, was the proper defendant. Nevertheless, he requested that, should the district court find "that either Auto Owners or Owners Insurance must be named as parties, then [it should grant] an extension of thirty (30) days to do the same." Vento likewise requested an extension of time to serve Patel, conceding that he had not done so and that he was legally barred, by a previous settlement agreement, from seeking further recovery from Patel. Vento argued that neither Patel nor the Insurance Companies would be prejudiced by such an extension because Patel did not face any potential liability and Auto-Owners (in Vento's view) had already been served.

In reply, the Insurance Companies responded that the Baum Affidavit amounted to two things: an acknowledgement that "there was only one attempt to physically serve Unnamed

Defendant Auto-Owners[,] . . . 99 days after filing the Complaint and 77 days after the expiration of the statute of limitations," and an admission that, six months after the statute of limitations expired, Vento had never even tried to serve Patel.

After full briefing, the district court entered an order dismissing Vento's case without prejudice, which determined that dismissal was required because Vento failed to timely effectuate service. Applying Georgia law, which both parties agreed was appropriate, the district court explained that "a plaintiff generally must effectuate service within the statute of limitations for the service to count as timely." Service outside of the limitations period, the district court stated, can only be considered timely where the plaintiff filed the complaint within the limitations period *and* either (1) a process server effectuated service within five days from the time he received the summons and complaint *or* (2) the plaintiff acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.

Under these rules, the district court found Vento had failed to timely serve any defendant. He had filed his complaint within the limitations period, which closed on April 26, 2022. But he had undisputedly not served anyone by that date. Nor had a process server served any defendant within five days of receiving the complaint and summons. And the court found that Vento had not shown that he diligently sought to perfect service as quickly as possible.

As evidence of diligence, the district court stated, Vento proffered only "a vague, two-page affidavit describing his efforts to serve Auto-Owners. . . . But this affidavit says nothing about Defendant [Patel] or Owners [Insurance], and lacks the kind of 'specific dates and details' required to show diligence." The district court highlighted the flaws in greater detail, noting that the Baum Affidavit "does not include a single concrete date and its timeline is littered with generalized references to 'few weeks,' '[s]everal days,' 'two to three weeks,' '[i]n the meantime,' and the like." This limited information, the district court concluded—even if it were sufficiently specific—suggested that Vento did *not* act diligently.

The district court also found that Vento had still not attempted to serve Patel or Owners Insurance, even though eleven months had passed since he filed his complaint and seven months had passed since the Insurance Companies first raised the issue in their motion to dismiss. The district court also determined that Vento's claimed ignorance of the law requiring him to serve Patel was no excuse and, again, suggested a lack of diligence. The district court also noted Vento's confusion about which of the Insurance Companies held his underinsured motorist policy but explained that it was his obligation to investigate and that "[n]othing suggests this happened. Nothing with the requisite specificity, anyway." For all these reasons, the district court dismissed Vento's complaint without prejudice for insufficient service of process under Georgia law. In a footnote, the district court made two more observations. First, it observed that dismissal would be similarly warranted under federal law, since Federal Rule of Civil Procedure 4(m) requires

service within 90 days.  Second, "given the untimely service here," the district court noted that Vento's "complaint is almost certainly barred by the statute of limitations as well."

This timely appeal ensued.

## II.    STANDARD OF REVIEW

We review for abuse of discretion a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant.  *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007).  We also review for abuse of discretion a court's decision about whether to grant an extension of time to serve.  *Id.*

When, as in this case, "a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m)," the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."  *Id.* at 1282.  A district court must consider, for example, whether the running of the statute of limitations would bar the plaintiff from refiling his claims.  *See id.*  As long as the district court considers the statute of limitations, the expiration of the statute of limitations "does not require that the district court extend time for service of process under Rule 4(m)."  *Id.*

## III.    ANALYSIS

Although Georgia law requires a process server to effect service within five days of receipt of the complaint and summons, *see* O.C.G.A. § 9–11–4(c)(5), "it states no time limit within which a

plaintiff must seek service," *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015) (citing *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore,* 462 S.E.2d 713, 715 (Ga. 1995)). So as long as service is perfected before the statute of limitations expires, "'the mere time lapse' between the date of filing and the date of service is not a valid basis for dismissal." *Ga. Farm Bureau.*, 462 S.E.2d at 715 (quoting *Childs v. Catlin*, 216 S.E.2d 360, 363 (Ga. Ct. App. 1975)).

"Where service is made after the statute of limitation expires, 'the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to [e]nsure that a proper service was made as quickly as possible.'" *Lipscomb v. Davis*, 783 S.E.2d 398, 399 (Ga. Ct. App. 2016) (alteration in original) (quoting *Slater v. Blount,* 408 S.E.2d 398, 433 (Ga. Ct. App. 1991)). Additionally, "when the statute of limitation has expired, and a defendant raises the issue of defective service, the plaintiff must act with 'the greatest possible diligence' from that point forward in order to serve the defendant or risk dismissal of his case." *Id.* (quoting *Ingraham v. Marr*, 540 S.E.2d 652, 655 (Ga. Ct. App. 2000)).

We conclude that the district court did not abuse its discretion in finding that Vento failed to timely serve. Vento was injured on December 26, 2019, and his statute of limitations lapsed on April 26, 2022 (including the 122-day extension because of Georgia's COVID-19 Administrative Orders). He admittedly served no one—neither Patel nor the Insurance Companies—by that date. To save his case from dismissal, therefore, Vento needed

to show that "he acted in a reasonable and diligent manner" to ensure proper service "as quickly as possible." *See id.* And because the Insurance Defendants raised this service problem in their motion to dismiss back in September 2022, the bar was set even higher, requiring Vento to display "'the greatest possible diligence'" from that point forward." *Id.* (quoting *Ingraham*, 540 S.E.2d at 644).

Here, Vento showed the district court little evidence of diligence at all, let alone "the greatest possible diligence." We agree with the district court's finding that the Baum Affidavit is vague and superficial and lacking in the "dates or other specifics sufficient to gauge his effort." *Brown v. State Farm Mut. Auto. Ins. Co.*, 529 S.E. 2d 439, 441 (Ga. Ct. App. 2000). The Baum Affidavit is thin on details and replete with generalities like "there was a two-week delay," "a few weeks passed," and "for two to three weeks," all undercutting Vento's claim that he acted with reasonable diligence to effectuate service.

We also conclude that the district court did not abuse its discretion in dismissing Vento's complaint for failure to serve Patel and Owners Insurance. Vento does not dispute that he failed to serve Patel, evidenced by his request for an extension of time to do so. That alone is a dispositive issue because "absent sufficient service on the tortfeasor, a claimant cannot recover from his or her UM carrier." *Hayward v. Retention Alts. Ltd.*, 661 S.E.2d 862, 865 (Ga. Ct. App. 2008), *aff'd,* 678 S.E.2d 877 (Ga. 2009); *accord Barabont v. Villanueva,* 584 S.E.2d 74, 77 (Ga. Ct. App. 2003) ("[S]ervice on

the tortfeasor is a condition precedent for recovery against the uninsured motorist carrier.").

Nor are we persuaded that the district court erred in its treatment of Vento's request for an extension of time to serve. First, we note a procedural misstep: Federal Rule of Civil Procedure 7(b) requires that any "request for a court order must be made by motion." Vento, instead, imbedded his request for an extension of time to serve in his response to the Insurance Companies' motion to dismiss. The request was, therefore, not properly before the district court in the first instance. *See Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.,* 43 F.4th 1303, 1312 n.4 (11th Cir. 2022) ("Herederos concedes that it 'did not file a distinct and entirely independent motion to take jurisdictional discovery as it was required to' [under Rule 7(b)]."), *cert. denied*, 143 S. Ct. 736 (2023).

In any event, the district court did acknowledge the request, specifically noting how Vento "claim[ed] he did not realize he needed to serve [Patel]." The district court also recognized that, given Vento's failure to serve, his "complaint is almost certainly barred by the statute of limitations as well." In other words, we cannot conclude that the district court failed to consider whether "any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey*, 476 F.3d at 1282. On the contrary, the district court expressly considered that the statute of limitations would "almost certainly" bar Vento's claims and found no reason to grant him reprieve from that outcome.

In summary, more than seven months lapsed between the time the Insurance Companies made Vento aware of the need to serve Patel and the time the district court dismissed the case, and the docket is devoid of any motion for extension of time or any other indication that Vento tried to serve Patel in the interim. Nor has Vento suggested any such efforts to us. Given the lack of diligence displayed in attempting to serve any party and Vento's failure to proffer any reason why the time to serve Patel should be extended, we conclude that the district court did not abuse its discretion in granting an extension of time to serve.

## IV.    CONCLUSION

Because we hold that the district court did not abuse its discretion in dismissing Vento's complaint for failure to timely perfect service, we affirm.

**AFFIRMED.**